Beverly RUSSELL, Plaintiff— Appellant,

v.

COMMISSIONER OF SOCIAL SE- CURITY ADMINISTRATION, Defendant—Appellee.

No. 05–15414.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 29, 2005.*

Decided March 13, 2006.

Brewer & Mitchell, LLP, Sacramento, CA, for Plaintiff–Appellant.

Office of the U.S. Attorney, Sacramento, CA, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Beverly Russell appeals from the district court's grant of summary judgment to the Commissioner of the Social Security Administration. We review de novo the order affirming the Commissioner's denial of disability benefits, *see Morgan v. Comm'r*, 169 F.3d 595, 599 (9th Cir.1999), and we affirm.

There was substantial evidence to support the decision of the Administrative Law Judge (ALJ) to reject Russell's treating physician's conclusion that she was disabled. While the opinion of a treating physician is given deference, it is not necessarily conclusive. *See id.* at 600. It is solely the province of the ALJ to resolve a conflict with a nontreating examining doctor's opinion that is based on independent clinical findings. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995). Dr. Stanfield's description of Russell as "disabled" was not based on clinical findings, and the ALJ set out a detailed and thorough summary of the facts and the evidence, stated his interpretation, and made specific findings. *See Morgan.* 169 F.3d at 600–01. Further, the ALJ did not reject the findings of the examining psychologist, but took them into account by concluding that Russell was limited to low-stress jobs.

The ALJ provided specific, cogent reasons to doubt Russell's description of her impairment due to anxiety and depression. He identified the testimony that was not credible, noted the lack of evidence of severe mental illness, and although he left the record open for submission of such evidence, none was forthcoming. Further, there was some evidence of possible malingering supported by psychological testing. "[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the Secretary," *Morgan*, 169 F.3d at 599, and the ALJ was entitled to take into account the contradictions between Russell's reported activities and her asserted limitations. *See id.* at 600.

Finally, the hypothetical posed to the vocational expert was not improper. The ALJ may omit limitations that he has found did not exist, *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.2001), and the hypothetical did include a requirement that any job be low-stress.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.